UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LINDA N.,

                Plaintiff,

    v.                                                                 5:17-CV-567 (ATB)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

STEVEN R. DOLSON, ESQ., for Plaintiff
SERGEI ADEN, SPECIAL ASS'T U.S. ATT'Y, for Defendant

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION and ORDER

Presently before the Court is attorney Dolson's Application for Attorney's Fees, pursuant to 42 U.S.C. § 406(b). (Dkt. No. 14). The Commissioner filed a responsive letter brief, making recommendations with respect to the fee application. (Dkt. No. 16). Plaintiff's attorney requested, and was granted leave to file a reply (Dkt. No. 19), and, the Commissioner was permitted to file a sur-reply (Dkt. No. 22).[1] For the reasons stated below, attorney Dolson's fee application is granted in part, in a reduced amount.

## I.    Background

On July 17, 2014, plaintiff filed an application for benefits under Title II of the Social Security Act, which resulted in a denial. Plaintiff appealed, and an Administrative Law Judge

---

[1] The reply and sur-reply address the impact of the Supreme Court's January 8, 2019 decision in *Culbertson v. Berryhill*, __ U.S. __, 139 S. Ct. 517 (2019).

("ALJ") denied her claim again on September 23, 2016. Plaintiff timely appealed the denial by request for review by the Appeals Council, which was denied on April 18, 2017. Plaintiff appealed the final administrative determination of the Title II application by filing this action on May 23, 2017. On September 19, 2017, this court entered a judgment reversing and remanding this matter for further administrative proceedings. On October 6, 2017, the court approved a stipulation of the parties awarding plaintiff's counsel $1,900 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

Upon remand to the Social Security Administration (sometimes hereinafter referred to as "the agency"), the ALJ issued a favorable decision finding that plaintiff was disabled since March 2014. The ALJ authorized the plaintiff's representative at the agency level, Matthew F. Nutting, to charge and collect a fee from the plaintiff in the amount of $8,000.00 for his work in the administrative proceedings. On January 19, 2019, the Commissioner issued a revised Notice of Award, advising plaintiff that she was entitled to back disability benefits of $56,073, of which 25%, or $14,018.25, was withheld for attorney's fees. (Dkt. No. 22-1 at 5; Dkt. No. 22 at 2).[2] The Commissioner paid $8,000 of the withheld amount to Mr. Nutting for his work at the agency level, leaving a balance of $6,018.25.

Plaintiff's counsel has requested fees of $10,700 for 10.7 hours of legal work before

---

[2] The January 19, 2019 notice replaced a June 5, 2018 Notice of Award which stated that plaintiff was entitled to past-due benefits through April 2018. (Dkt. No. 22-1 at 1; Dkt. No. 14-3 at 2). Plaintiff's counsel had contended that, based on the earlier Notice of Award, plaintiff was entitled to back disability benefits of $112,483.30. (Dkt. No. 19 at 1-2). As defense counsel explains in his February 25, 2019 sur-reply, the Commissioner determined that plaintiff was entitled to back disability benefits only through September 2015, when plaintiff became entitled to, and began receiving, Social Security retirement benefits. (Dkt. No. 22 at 2; Dkt. No. 22-1 at 4-5). Plaintiff's counsel has not requested an opportunity to object to the Commissioner's re-calculation of plaintiff's back disability benefits.

the district court, arguing that those fees are reasonable, and less than the 25% contingent fee to which he is entitled under his fee agreement with plaintiff. (Dkt. No. 19 at 1-2; Dkt. No. 14-1 at 2-4; Dkt. No. 14-2 at 2; Dkt. No. 14-3 at 8). Counsel acknowledges that, if awarded fees under Section 406(b), he would be required to refund, to plaintiff, the $1,900 he received under EAJA for the same legal work. (Dkt. No. 14-2 at 2).

The Commissioner recommends that the court consider whether plaintiff's fee application is untimely, while acknowledging a split of judicial authority on the applicable deadline for fee applications under 42 U.S.C. § 406(b). (Dkt. No. 16 at 2-3; Dkt. No. 22 at 1). The Commissioner acknowledges that, based on the recent decision in *Culbertson v. Berryhill*, counsel's fee application does not exceed the 25% cap on a contingency fee for work before the district court under section 406(b). However, the Commissioner recommends that the court reduce counsel's requested fee so that plaintiff is not required to pay more than 25% of his award of back disability benefits towards representation fees at the agency and district court levels. The Commissioner argues that, based on counsel's fee agreement with plaintiff, and considering the court's obligation to approve only a "reasonable" fee, attorney Dolson's fee should be reduced to $6,018.25. (Dkt. No. 22 at 2).

For the reasons stated below, the court finds that the fee application of attorney Dolson is not untimely. Otherwise, the court agrees with the recommendation of the Commissioner to reduce the fee due plaintiff's counsel at the district court level to a reasonable amount, such that the plaintiff's obligation to his representatives does not exceed 25% of her back disability benefits.

3

## II. Timeliness of the Fee Application

Attorney Dolson represents that the original June 5, 2018 Notice of Award was sent by the Commissioner only to Mr. Nutting, plaintiff's non-attorney representative before the agency on remand. (Dkt. No. 19 at 3). Attorney Dolson further avers that he was not provided with a copy of Notice of Award until August 29, 2018, but acknowledges that he did not file his fee application until December 3, 2018. (Dkt. No. 19 at 3-4).

Section 406(b) does not address the time frame within which a fee application must be filed. As Magistrate Judge David E. Peebles cogently discusses in *Daniel J. M. v. Comm'r of Soc. Sec.*, No. 5:16-CV-1466 (DEP), 2019 WL 477898, at *3-4 (N.D.N.Y. Feb. 7, 2019), the federal courts are divided with respect to the deadline applicable to fee applications under Section 406(b), and the Second Circuit has not yet squarely addressed the issue.[3] "The Third, Fifth, and Eleventh Circuits have applied Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure to such applications, requiring that the application be filed within fourteen days after the entry of judgment." *Id.* at 3 (citing *Sinkler v. Berryhill*, 305 F. Supp. 3d at 452 (citing cases)). "Other courts, including the Tenth Circuit, consider such an application to be brought under Rule 60(b)(6) of the Federal Rules of Civil Procedure, requiring that the application be made within a 'reasonable time' after the Commissioner's decision awarding benefits." *Id*. (citing cases).

In the absence of definitive guidance from the Second Circuit, and because of the lack of consensus of other courts within and outside this Circuit, judges in the Northern District of New York have not enforced a 14-day deadline, pursuant to Rule 54(d), to fee applications

---

[3] The issue has been pending decision in the Second Circuit since July 12, 2018, when an appeal in *Sinkler v. Berryhill*, 305 F. Supp. 3d 448 (W.D.N.Y. 2018) was filed.

under Section 406(b). *Daniel J. M. v. Comm'r of Soc. Sec.*, 2019 WL 477898, at *4 (discussing cases). Some judges, including Magistrate Judge Peebles, have found that, even if the 14-day deadline were applicable, delays of up to six months in filing a fee application was the result of "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B). *Id.*; *Rita M. B. v. Berryhill*, No. 16-CV-0262, 2018 WL 5784101, at *4 (N.D.N.Y. Nov. 5, 2018). Others, including Chief District Judge Glenn T. Suddaby have found "it would strain the bounds of due process to bar Plaintiff from recovering fees given the absence of adequate notice that such time limitation existed." *Sarah L. v. Colvin*, No. 14-CV-0831, 2018 WL 6178486, at *2 (N.D.N.Y. Nov. 27, 2018). *See also Abbey v. Berryhill*, No. 17-CV-06430, 2019 WL 336572, at *4 (W.D.N.Y. Jan. 28, 2019) (considering other New York district courts' rulings on the issue and finding that in light of the unsettled nature of the law, plaintiff lacked notice or constructive knowledge of the prescribed time period for filing her section 406(b) motion, and thus finding it timely filed). The court adopts the reasoning of both Magistrate Judge Peebles and Chief District Judge Suddaby, pending resolution of this issue by the Second Circuit. Accordingly, this court finds that attorney Dolson's fee application is not untimely, either because of excusable neglect or because applying a 14-day deadline, which has rarely been applied by district courts in this Circuit, would be inequitable and would strain the bounds of due process.[4]

### III.  Reasonableness of Requested Fees

"Section 206(b) of the Social Security Act states that, '[w]henever a court renders a

---

[4] The court would also note that the recent transmission of a revised Notice of Award by Commissioner would arguably reset the deadline for filing a fee application, regardless of how that deadline might be calculated.

5

judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Sarah L. v. Colvin*, 2018 WL 6178486, at *2 (citing 42 U.S.C. § 406(b)(1)(A)). As suggested earlier, the Supreme Court in *Culbertson* recently held that section 406(b)(1)(A)'s 25% cap applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b) for representation in court and at the agency level. 139 S. Ct. at 521-523. Attorney Dolson's $10,700 fee request is less than 25% of plaintiff's past-due disability benefits, even based on the recent reduction of her calculated back disability benefits to $56,073, 25% of which would be $14,018.25.

However, even when a requested fee is within the 25% limit established by Section 406(b), the attorney for the successful claimant must also show that "the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In assessing reasonableness of a requested fee, the Supreme Court noted that multiple factors should be considered, including the character of the representation, the results the representative achieved, and whether "the benefits are large in comparison to the amount of time counsel spent on the case," in which case "a downward adjustment" may be in order. *Id*. at 808.

As argued in the Commissioner's sur-reply, attorney Dolson's fee agreement suggests that the plaintiff would not be personally responsible for representation fees in excess of 25%

6

of any award of retroactive benefits. (Dkt. No. 14-3 at 8; Dkt. No. 22 at 2).[5] However, if attorney Dolson is granted fees in excess of $6,018.25, he would have recourse only against his client for any additional amount. *See Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70-72 (2d Cir. 2016) (an attorney has no cause of action against the government when seeking payment out of a claimant's past-due benefits if the amount being withheld by the Commissioner does not cover the full scope of the request). As attorney Dolson has acknowledged, if he is awarded fees under section 406(b), he is obligated to refund his lesser EAJA fees for the same work to plaintiff. *Wells v. Bowen*, 855 F.2d 37, 42, 48 (2d Cir. 1988) (parties in proper cases may seek fees under the EAJA and the Social Security Act, as long as the attorney, if successful, refunds the smaller of the two awards to his or her client). The court concludes that, based on the language of attorney Dolson's fee agreement, it would be inequitable to allow him to seek fees from his client that would obligate her to pay more than 25% of her past-due benefits towards fees to her attorney in district court and her representative at the agency level.

In any event, a reduction of attorney Dolson's fee request is independently warranted based on a reasonableness analysis. Attorney Dolson's time records indicate that counsel for the Commissioner made a remand offer before plaintiff was required to file a brief, and,

---

[5] Paragraph 3 of the Limited Fee Agreement states, in part: "I understand that as a result of an EAJA fee, the total fee paid to the attorney may exceed 25% of retroactive benefits, **but the client will not be responsible for any fee in excess of 25%**; the government will be responsible for such excess." (Dkt. No. 14-3 at 8 (emphasis added). The fee agreement, in paragraph 1, states that attorney Dolson's representation is limited to the initiation and prosecution of the district court action, and does not include representation at the agency level, which may make the quoted language in paragraph 3 ambiguous. (*Id.*). However, the agreement, undoubtedly drafted by the attorney, would fairly be interpreted as a promise that plaintiff would not be personally responsible to pay more than 25% of her past-due benefits for representation fees, at any level.

7

apparently before any significant communication between counsel about the merits of the case. (Dkt. No. 14-1 at 3). Attorney Dolson's fee request seeks an effective rate of $1,000 per hour for 10.7 hours of work. While a $1,000 hourly rate may not be per se unreasonable in the context of a contingent fee agreement,[6] the court finds the requested fee in this case unreasonable in light of the nature of the representation in this action, and the fact that counsel's legal work seemed to play a limited role in causing the favorable outcome, of remand. Reducing counsel's fee to $6,018.25 would equate to an hourly rate of $562.45, which is reasonable and more appropriate under the particular circumstances of this action. *See, e.g.*, *Karki v. Comm'r of Soc. Sec.*, 13-CV-6395, 2018 WL 1307947, at *2-3 (E.D.N.Y. Mar. 13, 2018) (finding that an hourly rate of $1,066 would constitute a windfall and reducing the amount to $500 per hour for 21.1 hours of work) (collecting cases); *Daniel J. M. v. Comm'r of Soc. Sec.*, 2019 WL 477898, at *6 (While Attorney Dolson's effective hourly rate of $593.97 "gives the court brief pause" and "is considerable, it falls well within the range of rates recently approved by courts in this district and elsewhere in the Second Circuit when analyzing applications under 42 U.S.C. § 406(b).") (collecting cases).

**WHEREFORE**, it is

**ORDERED** that Steven R. Dolson, Esq. is hereby awarded the sum of $6,018.25 in accordance with 42 U.S.C. § 406(b), as fees pursuant to the firm's fee agreement with plaintiff, to be paid from the amount withheld by the Commissioner from the past due benefits awarded to plaintiff, and it is further

---

[6] *See Sarah L. v. Colvin*, 2018 WL 6178486, at *2, 3 (collecting cases).

**ORDERED** that Steven R. Dolson, Esq. is hereby directed to refund to plaintiff the sum of $1,900 previously awarded in this matter as attorney's fees pursuant to EAJA.

Dated:   March 21, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge